IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

STEVEN W. HOLLAND,

    Plaintiffs

v.                                  CIVIL ACTION NO.

JPMORGAN CHASE BANK, N.A., and
CHASE BANK USA, N.A.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN W. HOLLAND, sues the Defendants, JPMORGAN CHASE BANK, N.A., and CHASE BANK USA, N.A., and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendants in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA).

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). The Chase Defendants reside and transact business in this District, and maintains their principal executive offices within this District.

### FACTUAL ALLEGATIONS

5. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Harrison County, Mississippi.

6. At all times material herein, Plaintiff was employed as a physical therapist in Gulfport, Harrison County, Mississippi.

7. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (228) 343-1833, and was the "called party" with respect to the calls at issue, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

8. At all times material hereto, Defendants CHASE BANK, N.A. and JPMORGAN CHASE BANK, N.A. (hereafter collectively "CHASE"), were and are one of the largest national banks, domiciled in New York, with their principal executive offices at 270 Park Ave., New York, NY, 10017.

9. As described herein, CHASE employed business practices resulting in intentional harassment, embarrassment, and interference with the employment of the Plaintiff through the use of its automated dialing system to place a barrage of erroneous computerized collection calls ("robocalls") to Plaintiff's cellular telephone number pertaining to Plaintiff's closed CHASE accounts that were not delinquent.

10. CHASE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activities at issue, as further described herein.

11. In or about August of 2012, in an effort to collect the aforementioned debts, CHASE began initiating a barrage of robocalls to Plaintiff's cellular telephone number, (228) 343-1833, and his physical therapy office telephone number, which consistently and materially interfered with Plaintiff's ability to effectively render treatment to his patients.

12. On several occasions, Plaintiff answered the calls from CHASE and instructed CHASE's representatives that its calls were made in error, and to stop calling.

13. Because of the constant interruptions from CHASE's daily robocalls to Plaintiff's aforementioned cellular telephone number and office number during Plaintiff's treatment of patients, and the embarrassment to Plaintiff upon being interrupted by CHASE's erroneous collection calls during his treatment of patients, Plaintiff sent CHASE a letter on October 10, 2012 stating that the continuous calls from CHASE were "becoming a regular disruption in [Plaintiff's] daily routine of patient care" and demanding that CHASE cease calling Plaintiff's work and cellular telephone numbers. A copy of the October 10, 2012 letter is attached hereto as Exhibit "A."

14. Despite Plaintiff's demand in the October 10, 2012 letter that the calls stop, CHASE continued to initiate robocalls to Plaintiff's aforementioned cellular telephone number and office number, prompting Plaintiff to send another letter to CHASE on August 28, 2013, again demanding that CHASE cease calling his cellular telephone and office telephone numbers. A copy of the August 28, 2013 letter is attached hereto as Exhibit "B."

15. Despite Plaintiff having repeatedly instructed Defendants' representatives that the automated collection calls were being made in error and were interrupting Plaintiff's daily routine of administering patient care, and Plaintiff's repeated written and verbal demands that the calls stop, CHASE continued undeterred in its campaign of initiating autodialed collection calls to Plaintiff's aforementioned cellular and office telephone numbers.

16. To date, Plaintiff has received in excess of two-hundred fifty (250) autodialed robocalls from CHASE on his aforementioned cellular telephone number.[1]

---

[1] Additionally, the statute of limitations under the TCPA was tolled prior to Plaintiff opting out of the settlement class in a certified class action case filed in the Northern District of Georgia, Barrow v. JPMorgan Chase Bank, N.A., Case No.: 1:16-cv-3577 (N.D. Ga. 2016), pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). As

17.     The telephone calls at issue were placed by CHASE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

18.     That CHASE used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of an automated telephone dialing system.

19.     Moreover, the calls at issue from CHASE transmitted a prerecorded message prior to a representative joining the line, or left a prerecorded voicemail message, including as follows:

> This is an important message from Chase Card Services. Please return this call today at 1-866-865-2297. Thank you.

20.     CHASE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A) and after Plaintiff revoked any consent CHASE may have mistakenly believed it had by demanding both verbally and in writing that CHASE stop calling.

21.     Additionally, none of the telephone calls at issue were placed by CHASE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

---

such, any calls that were initiated by Defendant to Plaintiff's aforementioned cellular telephone number after August 16, 2012 are subject to liability under the TCPA.

22. CHASE has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

23. CHASE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

24. Despite actual knowledge of its wrongdoing, CHASE continued its campaign of harassment and abuse.

25. CHASE's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals informing CHASE that its calls were being made in error and/or demanding that CHASE stop calling.

26. CHASE's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

27. CHASE followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

28. CHASE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

29. CHASE is or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
### VIOLATION OF THE TCPA AGAINST CHASE

30. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (29), as if fully set forth herein.

31. None of the calls at issue were placed by CHASE to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

32. Alternatively, CHASE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to CHASE, or that CHASE mistakenly believed it had.

33. Additionally, none of the calls at issue were placed by CHASE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

34. CHASE willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed CHASE to discontinue calling Plaintiff both verbally and in writing, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

35. The TCPA provides Plaintiff with a private right of action against CHASE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against CHASE for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully Submitted,

_____
David P. Mitchell, Esquire
Florida Bar No.: 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff

October 10, 2012

Chase Bank USA, NA

PO Box 15298

Wilmington , DE-198505298

To whom it may concern;

I am writing to you in reference to phone calls that I have been receiving from your company, I have five credit card accounts with Chase Bank, NA which were closed by your company in 2009, and shortly thereafter I set up automatic payments on all five accounts through the Chase website. There is no reason for me to be receiving phone calls as the accounts are being paid every month through an ACH debt on my business checking account ending in 2232.

The following accounts are what I am referencing;

1. 422733111090XXXX

2. 418586403468XXXX

3. 426684107806XXXX

4. 426690202411XXXX

5. 410414001624XXXX

If there are any issues that would require my notice, or information from me regarding the five referenced accounts, please send those requests to me at the below referenced address via USPS, and please do not call me at my work number, or my cell anymore as it is becoming a regular disruption in my daily routine of patient care.

Respectfully,

Steven Holland

101 Dogwood Drive

Gulfport, MS 39507

**EXHIBIT "A"**

August 28th, 2013

Chase Bank USA, NA

PO Box 15298

Wilmington , DE-198505298

To whom it may concern;

I am sending this notice to request validation pursuant to the FDCPA of the five credit card accounts that were closed by your company in October of 2009, and in which I set up auto payments with your company online to pay any remaining balances after your closing, and collection activities for the accounts. I am also disputing the accuracy of the balances of these accounts as they are being reported to Equifax, Transunion, and Experian, and as inaccuracy of the reported balances, and incorrect late statuses is harmful to my credit score, and ability to seek future credit. Several of these accounts now have a higher balance than when they were closed and auto payments were established via ACH debit from my business checking account.

I am requesting a full accounting of all closed accounts listed below, including, but not limited to, all dates of payments, all payments posted to each account, and any, and all additional fees, such as late fees, which were added to the balance of the accounts. Please also provide me with documentation of any supposed returned checks which would have led the application of any late fees, penalties, or other fees added to the balance of the below listed accounts.

1. 422733111090XXXX

2. 418586403468XXXX

3. 426684107806XXXX

4. 426690202411XXXX

5. 410414001624XXXX

Please send all requested information to the above referenced address via USPS to the address you have listed on file and included at the bottom of this letter, and please do not call me at my work number, or my cell anymore as it is becoming a regular disruption in my daily routine of patient care. I await your response and inclusion of all requested documentation as I would like to get this issue cleared up as soon as possible. I have done the right, and legal thing by continuing to pay on the accounts your company closed, please do the same per my above requests.

Respectfully,

Steven Holland

101 Dogwood Drive

Gulfport, MS 39507

**EXHIBIT "B"**