UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STEVEN W. HOLLAND, | | |
| Plaintiff, | | 19 Civ. 233 (PAE) |
| -v- | | OPINION & ORDER |
| CHASE BANK USA, N.A., | | |
| Defendant. | | |

PAUL A. ENGELMAYER, District Judge:

This case involves alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff Steven W. Holland asserts that, beginning in August 2012, he received repeated telephone calls concerning debts relating to five credit card accounts held with Chase Bank USA, N.A. ("Chase"). Holland disputed the debts, and he so notified Chase. Holland alleges that, despite his objections, Chase continued to furnish negative and inaccurate information about his accounts to consumer reporting agencies, in violation of the FCRA. Holland also alleges that Chase repeatedly used an automated telephone dialing system to place robocalls to Holland's personal and office telephone numbers, without his prior express consent, in violation of the TCPA.

Before the Court is Chase's motion to strike Holland's Amended Complaint, Dkt. 47 ("AC"), pursuant to Federal Rule of Civil Procedure 12(f), or, in the alternative, to dismiss Holland's FCRA claim pursuant to Rule 12(b)(6). Chase argues that Holland did not file the AC, in a timely manner; that the AC exceeds the scope of amendment authorized by the Court in its prior opinion dismissing Holland's initial complaint; and that Holland's FCRA cause of action

fails to state a claim on which relief can be granted. For the reasons that follow, the Court grants Chase's partial motion to dismiss but denies Chase's motion to strike.

## I. Background

### A. Factual Background[1]

Holland is a physical therapist who resides in Harrison County, Mississippi. AC ¶¶ 5–6. Chase is a national banking association with its principal offices in New York. *Id.* ¶ 8.

Holland held five credit card accounts with Chase, opened between 2005 and 2007, and all closed by October 2009. *Id.* ¶¶ 11–12. Holland thereafter registered the accounts for an automatic payment program to pay off outstanding balances on a monthly basis. *Id.* ¶ 12. In October 2011, a payment error occurred, resulting in missed payments on Holland's accounts for that month. *Id.* ¶ 13. Although payments on the cards resumed the following month, Chase treated the missed payments as a default, charging late fees on the balance. *Id.* Chase applied each of Holland's subsequent automatic payments exclusively toward paying these late fees. *Id.* In August 2012, Chase allegedly initiated a "barrage" of robocalls regarding Holland's accounts to his cellular telephone number and his physical therapy office telephone number. *Id.* ¶ 14.

On October 10, 2012, Holland sent a letter to Chase demanding that the calls stop. *Id.* ¶ 16; *see* Dkt. 47-1 ("Oct. 2012 Ltr."). The robocalls persisted, prompting Holland to send another letter to Chase on August 28, 2013, again demanding that Chase cease calling his cellular and office telephone numbers. AC ¶ 17; *see* Dkt. 47-2 ("Aug. 2013 Ltr."). Holland also

---

[1] The facts are drawn primarily from the AC, and the exhibits attached thereto. For the purpose of resolving the motion to dismiss under Rule 12(b)(6), the Court presumes all well-pled facts to be true and draws all reasonable inferences in favor of plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

repeatedly, when answering the robocalls, instructed the callers that the collection calls were in error and demanded that the calls stop. AC ¶ 15.

According to Holland, during the same period in which he received these phone calls, Chase also furnished "negative information" about him to three consumer reporting agencies—Transunion, Equifax, and Experian. *Id.* ¶ 36 at 6.[2] Specifically, Chase represented to the agencies that Holland was severely delinquent on debts tied to all five credit cards. *Id.* However, as reviewed below, Holland contends that his debts were legally extinguished by the running of the applicable Mississippi statute of limitations and therefore were reported inaccurately. *Id.* ¶¶ 37–41 at 6–7. Holland, believing that Chase's view of the debts was in error, sent written disputes to both Chase and the three agencies. *Id.* ¶¶ 32–33. Chase, however, continued to furnish information about Holland's debts to those agencies. *Id.* ¶ 34.

Holland alleges that, due to Chase's furnishing of allegedly inaccurate information about his outstanding debts to the consumer reporting agencies, he "has suffered injuries and damages, including but not limited to denials of credit and financing opportunities, limited access to credit, increased cost of credit, and increased costs for services factoring credit rating in pricing, making day to day life more expensive." *Id.* ¶ 35.

B.    **Relevant Procedural History**

On January 9, 2019, Holland initiated this action against Chase and JPMorgan Chase Bank, N.A. ("JPMC"), seeking to recover for an alleged violation of the TCPA. Dkt. 1 ("Compl."). On August 28, 2019, the Court granted Chase and JPMC's motion to dismiss. Dkt. 44. The Court held that Holland lacked standing to pursue his claim against JPMC, *id.*

---

[2] Significant portions of the AC are numbered out of order, and the AC occasionally repeats numbers. When the Court refers to a numbered paragraph that appears in more than one place, it denotes both the paragraph number and the accompanying page number.

at 15–16; that Holland's claim, to the extent his initial complaint only alleged the receipt of robocalls in 2012 and 2013, was barred by *res judicata* pursuant to a prior class action settlement covering robocalls made on or before August 12, 2014, *id.* at 20–22; and that Holland's claim was barred by the TCPA's four-year statute of limitations, to the extent that it did not allege any calls after January 9, 2015, *id.* at 23–24.  The Court, however, granted leave for Holland to replead "consistent with the parameters set in this decision," with any amended complaint due "within 14 days of this decision"—*i.e.*, by September 11, 2019.  *Id.* at 24.

On September 11, 2019, the deadline for the amended complaint, Holland requested a one-day extension of his time to amend, Dkt. 45, which the Court granted, Dkt. 46.  On September 14, 2019, two days after the extended deadline, Holland filed the AC, adding a new FCRA claim and naming Chase as the sole defendant.  AC.

On September 30, 2019, Chase filed the instant motion to strike the AC, or in the alternative, to dismiss Holland's FCRA claim, Dkt. 49 ("Def. Mem.").  The Court ordered that Holland oppose the motion by October 14, 2019.  Dkt. 50.  On October 14, 2019, Holland instead filed a last-minute request for an extension until October 28, 2019, Dkt. 51, which the Court granted the next day, Dkt. 52.  On October 28, 2019, Holland filed a second last-minute request, this time for an extension until November 8, 2019, Dkt. 53, which the Court again granted the next day, Dkt. 54.  On Friday, November 8, 2019—after 8:30 p.m. and, in violation of the Court's Individual Rules, without prior notice to Chase—Holland sought an additional four days to file his opposition.  Dkt. 55.  On the morning of November 12, 2019,[3] the Court issued an order, via email and ECF, giving Holland until noon that day to file an opposition. Dkt. 56.  The Court noted that in each of Holland's 11th-hour requests, he "has represented that

---

[3] The courthouse was closed for Veteran's Day on Monday, November 11, 2019.

4

he needs just a little bit more time to 'finalize and file' his response to defendant's motion," *id.* (quoting Dkts. 51, 53, 55), and that "plaintiff's repeated delinquency is particularly disturbing to the Court given that plaintiff's previous failure to timely file his amended complaint is at the heart of defendant's instant motion to strike," *id.* The Court "reluctantly" granted the extension to noon, explaining that it would "treat the motion as unopposed if plaintiff has not filed his response by that time." *Id.* Following an email exchange in which Holland's counsel requested, and the Court granted, a further extension until 5 p.m. that day, Holland filed his opposition at 5:08 p.m. on November 12, 2019. Dkt. 57 ("Pl. Opp'n"); *see* Dkt. 58 ("Def. Reply") at 2–3 (recounting Holland's counsel's procedural failures). On November 26, 2019, Chase filed a reply. Def. Reply.

## II. Applicable Legal Standards

### A. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Although the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), that tenet "is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

### B.     Motion to Strike

Under Rule 12(f), on a motion or *sua sponte*, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Federal Courts have discretion in deciding whether to grant motions to strike."  *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (citation omitted).  However, motions to strike under Rule 12(f) are generally "disfavored and granted only if there is strong reason to do so."  *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 09 Civ. 2227 (PAC), 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013); *see also FRA S. p. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) ("Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant, the complaint should remain intact.").

### III.    Discussion

#### A.     Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

Holland brings his FCRA claim under 15 U.S.C. § 1681s-2(b).  AC ¶ 48.  It provides: "A person shall not furnish information relating to a consumer to any consumer reporting agency if (1) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (2) the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(b).

Holland alleges that he notified Chase about the purported inaccuracy.  *See* AC ¶¶ 32–34. Chase, however, argues that Holland has not adequately alleged that the information Chase furnished was inaccurate, and, therefore, that Holland fails to state a claim upon which relief can be granted.  *See* Def. Mem. at 9–13.  On that point, Chase is correct.

"In order to maintain a § 1681s-2(b) claim, [a] plaintiff must offer evidence that she notified the consumer credit reporting agencies of an inaccuracy, that those agencies followed up

with a notice of a dispute to [the furnisher], and that [the furnisher] failed to correct the inaccuracy." *Matheson v. Ocwen Fed. Bank FSB*, No. 05 Civ. 2747 (ENV), 2008 WL 11413560, at *8 (E.D.N.Y. June 18, 2008). A "prima facie showing of inaccurate reporting" is thus essential to maintaining a § 1681s-2(b) claim. *Alvandi v. Fid. Capital Holdings, Inc.*, 677 F. App'x 343, 344 (9th Cir. 2017) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (collecting cases). This requirement furthers the goals of the FCRA, "[t]he stated purpose of [which] is 'to prevent consumers from being unjustly damaged because of *inaccurate* or arbitrary information in a credit report.'" *Equifax Inc. v. FTC*, 678 F.2d 1047, 1048 (11th Cir. 1982) (emphasis added) (citing S. Rep. No. 91-517, 91st Cong., 1st Sess. 1 (1969)).

Here, Holland asserts that Chase's furnishing of information regarding his unpaid debts represents such a factual inaccuracy because, he contends, the debts were legally discharged under Mississippi law due to the running of the relevant statute of limitations. *See* AC ¶¶ 37–41. Holland argues that the running of the statute of limitations means that he owed no debt to Chase, and that Chase's view that Holland owed a debt is inaccurate. *See* Pl. Opp'n at 4–5. Chase, in turn, notes that the charges were, in fact, unpaid. It emphasizes that Holland, rather than claiming that he had paid the debt, asserts only a legal challenge to the debt's enforceability. Def. Mem. at 10. Chase argues that such a legal challenge cannot alone form the basis of a claim of inaccurate reporting to a consumer reporting agency under § 1681s-2(b). *See id.* at 11–12.

The Second Circuit has not squarely addressed whether a legal dispute as to the validity of a debt, such as Holland's here, can suffice to show a "factual inaccuracy" under § 1681s-2(b). But, the federal courts of appeals and district courts that have addressed this question are in widespread agreement that a plaintiff's legal challenge to the validity of a debt is alone

7

insufficient to make a report of that debt factually inaccurate. *See, e.g.*, *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("[A] plaintiff's required showing is *factual* inaccuracy, rather than the existence of disputed legal questions . . . . Like [consumer reporting agencies], furnishers are 'neither qualified nor obligated' to resolve matters that 'turn[ ] on questions that can only be resolved by a court of law.'" (citing *DeAndrade*, 523 F.3d 61 at 68)); *Okocha v. Trans Union LLC*, No. 08 Civ. 3107 (DLI), 2011 WL 2837594, at *5 (E.D.N.Y. Mar. 31, 2011) ("Plaintiff's argument that he did not agree to the terms of the overdraft line of credit is a collateral legal attack on the validity of the debt . . . not a factual inaccuracy, and, thus, is insufficient to withstand summary judgment."), *aff'd*, 488 F. App'x 535 (2d Cir. 2012); *Padgett v. Clarity Serv.*, 18 Civ. 1918 (JSM), 2018 WL 6628274, at *3 (M.D. Fla. Dec. 13, 2018) (collecting cases from the First, Ninth, and Tenth Circuits for the proposition that "FCRA does not require a [consumer reporting agency] . . . to adjudicate [legally] disputed debts"). These cases establish that the obligation of furnishers of information (like Chase) and consumer reporting agencies to ensure an accurate factual report of debts incurred does not include an obligation to ensure that debts they report would survive any and all legal challenges. *See Chiang*, 595 F.3d at 38–39; *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require [consumer reporting agencies] to resolve legal disputes about the validity of the underlying debts they report." (internal citations omitted)).

Here, Holland's claim of "factual inaccuracy" relies entirely on his legal conclusion that his debts had been discharged due to the purported running of the relevant state's statute of limitations. *See* AC ¶ 39 at 7. Such a dispute is a legal, not factual, challenge, and, under the above authority, plainly insufficient to support Holland's FCRA claim. *See, e.g.*, *Herrell v.*

*Chase Bank USA, N.A.*, 218 F. Supp. 3d 788, 793 (E.D. Wis. 2016) (concluding that plaintiff's allegation that bank's furnishing information about debt discharged by statute of limitations was not a "factual inaccuracy" sufficient to support a claim under § 1681s-2(b)); *Viecelli v. Seacoast Nat'l Bank*, No. 15 Civ. 682 (CEM), 2017 WL 1426628, at *5 (M.D. Fla. Apr. 21, 2017) (same). Nothing in the AC suggests that the debt was reported inaccurately, or that Holland did not incur the charges described. Without a "factual inaccuracy," Holland cannot state a claim under § 1681s-2(b).

Holland argues that because his debts were "outright extinguished" by the statute of limitations, Chase's furnishing of information to the consumer reporting agencies was therefore based on factual inaccuracies. *See* Pl. Opp'n at 5. This argument is easily put to one side. As the Court has noted, based on the pleadings, whether Chase had lost its right to collect on Holland's debt presents a legal question, not a fact about the debt itself. *See, e.g.*, *Saylor v. Pinnacle Credit Servs., LLC*, 118 F. Supp. 3d 881, 886 (E.D. Va. 2015) (statute of limitations does not bear on a debt's existence; it merely extinguishes defendant's legal right to collect, which is not a factual inaccuracy for FCRA purposes), *aff'd*, 667 F. App'x 829 (4th Cir. 2016); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001) ("[T]he statute of limitations bars a specific remedy; it does not extinguish the indebtedness."). Here, Holland's statute-of-limitations-based dispute challenges only Chase's ability to obtain a judicial remedy for the outstanding debt, not the factual accuracy of the size or existence of the debt itself. Thus, because the AC does not properly allege a factual inaccuracy, it fails to state a claim upon which relief can be granted.

### B. Motion to Strike the AC

Chase also moves to strike the entire AC pursuant to Rule 12(f), due to its untimely filing.[4] Rule 15(a)(2) permits a party to amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Holland received leave from the Court to file an amended complaint by September 12, 2019, *see* Dkt. 46, but he did not file the AC until September 14, 2019, *see* AC. Although the Court would be within its discretion to strike the AC as filed without leave, *see* Def. Mem. at 6 (collecting cases), such motions are "disfavored and granted only if there is strong reason to do so," *Anderson News*, 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013). To be clear, Holland's counsel's slipshod adherence to Court orders, deadlines, and procedural rules in this case to date falls significantly short of the Court's expectations. However, the Court does not find strong reason to punish Holland for his counsel's shortcomings at this stage. Following two rounds of motions to dismiss, the Court understands the principal question remaining in the case to be whether Chase made robocalls to Holland after January 9, 2015—*i.e.*, within the statute of limitations for the TCPA. Holland is entitled to limited discovery as to this issue.

### CONCLUSION

For the foregoing reasons, the Court grants Chase's partial motion to dismiss Holland's FCRA cause of action but denies Chase's motion to strike. Chase's answer is due 21 days from the date of this opinion.

The Court respectfully requests that the Clerk of Court terminate the motion pending at docket 49.

---

[4] Because the Court dismisses Holland's FCRA cause of action on the merits, it need not address Chase's alternative argument that the addition of the FCRA claim exceeded the scope of the Court's leave to amend.

10

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 28, 2020
       New York, New York